UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK DUJUAN ANDERSON,

        Petitioner,

v.                              CASE NO. 05-CV-60246-AA
                              HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION**

      Petitioner Frank Dujuan Anderson has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Respondent argues in a responsive pleading that Petitioner's claims are barred by the statute of limitations and the doctrine of procedural default. The Court agrees that the habeas petition is untimely. Accordingly, the petition will be dismissed as time-barred.

**I. Background**

      Following a jury trial in 1991, Petitioner was convicted of two counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On July 30, 1991, Detroit Recorder's Court Judge Michael J. Callahan sentenced Petitioner as a third felony offender to two years in prison for the felony firearm conviction, followed by sixty to ninety years in prison for the armed robbery convictions. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished opinion, *see People v. Anderson*, No. 146957 (Mich. Ct. App. Mar. 25, 1994), and on May 27, 1994, the Michigan Supreme Court rejected Petitioner's subsequent application for leave to appeal because it was filed more than fifty-six days after the decision of the

Michigan Court of Appeals.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996. About three months later in August of 1996, Petitioner filed a motion for relief from judgment, which the trial court denied on August 5, 1997. On or about March 11, 1998, Petitioner sought reconsideration, but on June 9, 1998, the trial court denied reconsideration. Petitioner did not appeal the trial court's decision, and because he did not file his motion for reconsideration within twenty-one days of the August 5, 1997, order denying his post-conviction motion, the deadline for filing an appeal expired one year later on August 5, 1998.

On or about October 15, 2003, Petitioner filed a second motion for relief from judgment, which the trial court denied without explanation on October 27, 2003. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals dismissed his appeal for lack of jurisdiction. *See People v. Anderson*, No. 252091 (Mich. Ct. App. Jan. 21, 2004). The court of appeals stated that Petitioner's second motion for relief from judgment violated Michigan Court Rule 6.502(G)(1) and that none of the exceptions found in Rule 6.502(G)(2) were applicable. On October 25, 2004, the Michigan Supreme Court denied Petitioner's application for leave to appeal for the same reason. *See People v. Anderson*, No. 125780 (Mich. Sup. Ct. Oct. 25, 2004).

Petitioner's habeas corpus petition is dated October 20, 2005. The grounds for relief allege ineffective assistance of appellate counsel and insufficient evidence.

## II. Discussion

### A. The Statute of Limitations

The AEDPA established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because subsections B through D are not applicable here, the statute of limitations began to run when Petitioner's conviction became final in 1994. For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one-year (absent tolling), or until April 24, 1997, to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000); *see Carey v. Saffold*, 536 U.S. 214, 217 (2002).[1] The statute of limitations is tolled, however, while a properly filed post-conviction motion is pending in state court. 28 U.S.C. § 2244(d)(2)(stating that "[t]he time during which a properly filed application for State post-

---

[1] Respondent argues that the statute of limitations began to run on May 20, 1994, when the time expired for filing an appeal in the Michigan Supreme Court on direct review. Petitioner correctly points out in a reply to Respondent's answer that the statute of limitations had not even been enacted in 1994.

3

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

## B. Application

The statute of limitations began to run in this case on April 25, 1996, the day after the AEDPA became effective. It stopped running on August 6, 1996, when Petitioner filed his motion for relief from judgment. The statute was tolled at least until August 5, 1997, when the trial court denied Petitioner's motion. Petitioner had one year from that date or until August 5, 1998, to file an appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3)(b). The statute of limitations expired one year later on August 5, 1999. Petitioner filed his habeas petition over six years later. Although Petitioner filed a second motion for relief from judgment in the trial court in October of 2003, the filing of the second motion for relief from judgment did not affect the statute of limitations because the one-year limitations period expired before Petitioner filed the motion.[2]  *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002).

## C. Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has stated that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period for habeas petitions. *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling

---

[2] This would be true even if the Court tolled the limitations period from the date of Petitioner's first motion for relief from judgment (on or about August 6, 1996) until the trial court denied reconsideration of that motion on June 9, 1998.

generally "bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 125 S. Ct. at 1814.

In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.  The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.  [*Dunlap*, 250 F.3d] at 1008.  These factors are not necessarily comprehensive and they are not all relevant in all cases.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.  *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement.  Nor has he claimed that some extraordinary circumstance prevented him from filing a timely habeas petition or that his ignorance of the filing requirement was reasonable.  He also has not submitted any new evidence that would lead the Court to believe that he is actually innocent of the crimes for which he was convicted.  Therefore, equitable tolling is not appropriate here.

### III.  CONCLUSION

Petitioner's claims are time-barred.  Therefore, the habeas petition [Doc. #1, Oct. 26, 2005] is DISMISSED.

          s/John Corbett O'Meara
          John Corbett O'Meara
          United States District Judge

Dated: June 1, 2006