UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK DUJUAN ANDERSON,

        Petitioner,

v.                                        CASE NO. 05-CV-60246-AA
                                           HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
OR A CERTIFICATE OF APPEALABILITY
AND
DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING</u>**

Petitioner Frank Dujuan Anderson has appealed the Court's dismissal of his habeas corpus petition as untimely. Currently pending before this Court are (1) Petitioner's motion for reconsideration of the Court's dispositive opinion or for a certificate of appealability and (2) Petitioner's motion for equitable tolling of the statute of limitations.

**I. Discussion**

**A. The Motion for Reconsideration or for a Certificate of Appealability**

Petitioner seeks reconsideration or a certificate of appealability on the grounds that the state court's abuse of discretion and failure to follow its own rules governing second or successive post-conviction motions created an impediment to the filing of Petitioner's post-conviction motion in state court. Petitioner further alleges that his appellate attorney's ineffective assistance on direct appeal created an impediment to filing a timely habeas petition.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the habeas petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a motion for reconsideration may be granted only if the movant demonstrates " a palpable defect by which the court and the parties have been misled . . . ." Local Rule. 7.1(g)(3) (E.D. Mich. Sept. 8, 1998).

Even if the Court were to conclude that the trial court erred in its interpretation of the Michigan Court Rules and that appellate counsel was ineffective, neither of these conclusions excuses the untimely habeas petition. Appellate counsel's alleged ineffectiveness on direct appeal is not the basis for Petitioner's untimely habeas petition, because the statute of limitations did not begin to run until after Petitioner's direct appeal came to an end.

The state courts also did not create an impediment to filing a timely habeas petition. The statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) for the time that Petitioner's first motion for relief from judgment was pending in the trial court. The Court also tolled the limitations period for a year after the trial court denied Petitioner's motion, because he could have appealed the trial court's decision during that time.

Petitioner filed a second motion for relief from judgment over five years after the period expired for appealing his first motion for relief from judgment. Petitioner's own delay in pursuing state remedies led to the expiration of the limitations period.

**B. The Motion for Equitable Tolling**

Petitioner alleges that he is innocent of the convictions for which he is incarcerated. He also alleges that he lacked the necessary knowledge of the rules and filing requirements governing appellate procedures and how they are apply to habeas corpus. Equitable tolling applies to the habeas statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), and "constitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). However, "ignorance of the law alone is not sufficient to warrant equitable tolling," *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991), and "*Souter* requires the petitioner to prove that new reliable evidence establishes his innocence by a more-likely-than-not standard." *Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not submitted any new and credible evidence of actual innocence. He merely alleges that the statute of limitations should be tolled due to errors at trial, at sentencing, and on appeal. None of these allegations are new evidence or a basis for concluding that Petitioner is actually innocent of the crimes for which he was convicted.

## II. Conclusion

Petitioner is not entitled to equitable tolling of the statute of limitations, and the Court's dismissal of the habeas petition was not the result of a palpable error. Therefore, reasonable jurists would not debate the Court's procedural ruling or find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's motion for reconsideration or for a certificate of appealability [Doc. #29, June 16, 2006] and his motion for equitable tolling [Doc. #30, June 16, 2006] are DENIED.

Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was granted leave to proceed *in forma pauperis* in this Court.  Fed. R. App. P. 24(a)(3).

<u>s/JOHN CORBETT O'MEARA</u>
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2006